IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENT EVAN WEBSTER; and
WEBSTER TECHNOLOGIES, INC.,

                Plaintiff,

           v.

MULTNOMAH COUNTY OREGON;
JUDGE MICHAEL MARCUS; DDA
ADAM GIBBS; SGT. D'MOORE; SGT.
HAASE; PPO OFFICER HOESLEY;
CANNON COCHRAN MANAGEMENT
SERVICES, INC.; SR. CLAIMS
EXAMINER THERESE BRADY;
CORVEL ENTERPRISES COMP INC.;
SR. CLAIMS SPECIALIST JD TAYLOR;
ERIC J. FOSS; AND DOES 1-100,

                Defendants.

Civ. No. 3:14-cv-00652-AC

FINDINGS & RECOMMENDATIONS

ACOSTA, Magistrate Judge:

       Plaintiffs Brent Evan Webster ("Webster") and Webster Technologies, Inc. ("Webster

Technologies") (collectively "Plaintiffs") brought suit against Defendants Multnomah County, Judge

Michael Marcus ("Judge Marcus"), DDA Adam Gibbs ("Gibbs"), Sgt. D'Moore ("D'Moore"), Sgt.

FINDINGS AND RECOMMENDATION - 1                                    [RMD]

Haase ("Haase"), PPO Officer Hoesley ("Hoesley"), Cannon Cochran Management Services, Inc. ("Cannon Cochran"), Sr. Claims Examiner Therese Brady ("Brady"), Corvel Enterprises Comp Inc. ("Corvel"), Sr. Claims Specialist JD Taylor ("Taylor"), Aramark Uniform Services ("Aramark"), Eric J. Foss ("Foss"), and Does 1-100[1] (collectively "Defendants"). Plaintiffs' claims arise out injuries they allegedly suffered while Webster was incarcerated for driving with a suspended license. (Decl. Of Rachel A Robinson in Supp. of Defs. Aramark Correctional Services, LLC and Eric J. Foss' Mot. to Dismiss Pl.'s Compl. Ex. A.) All defendants except Multnomah County and D'Moore move to dismiss Plaintiffs' complaint ("the Complaint") in its entirety. The court agrees with Defendants that Plaintiffs' complaint fails to state a claim and should be dismissed.[2]

*Factual Background*

Plaintiffs' complaint is brief and bereft of detail. Because Webster is pursuing his claims pro se, the court must construe his claims liberally and give him any benefit of the doubt. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). All the events giving rise to Plaintiffs' claims occurred between October 2010 and March 2011 while Webster was incarcerated. Plaintiffs allege that in October 2010, while Webster was incarcerated in Inverness Jail ("Inverness") Webster was sought out by Defendant Multnomah County to participate in a "systematic Employment Scheme" wherein Webster would perform kitchen and laundry services during his incarceration in exchange for a shortened jail term. (Notice of Removal Ex. A ("Compl.") at ¶ 14.) On November 1, 2011,

---

[1] Plaintiff describes Does 1-100 as "individuals and business entities who are complicit in the forced labors of Multnomah County Employees and Contractors attempting to conduct business with same [sic]."

[2] No party requested oral argument, and the court concludes that the motions at issue in this F&R are suitable for disposition without a hearing. D. Or. R. 7-1(d)(1)

FINDINGS AND RECOMMENDATION - 2                                        [RMD]

someone offered Webster a "$300.00 make it go away fee," which Webster declined. (Compl. at ¶ 14.) Instead, Webster "presented [his] counter offer to be released or Contract per [his] terms." (Compl. at ¶ 14.) It is unclear from the Complaint who offered Webster the "make-it-go-away fee," why that "fee" was offered, or the specific terms of his counteroffer.

In February 2011, Webster allegedly was moved to the Multnomah County Detention Center in the Justice Center. (Compl. at ¶ 15.) Plaintiffs allege Webster was "detained and placed nude for several days in the Justice Center holding facility during sub degree weather and under the guise of a Suicide Watch" as the result of a conspiracy between Officer Hoesly, District Attorney Adam Gibbs, and Judge Michael Marcus to "defraud [Webster] of the pursuit to life, liberty and the pursuit of happiness . . . ." (Compl. at ¶ 15.) Eventually, he was "rescued by a concerned Nurse" working at the Justice Center. (Compl. at ¶ 15.)

On March 10, 2011, Webster was allegedly ordered to work in the Inverness jail kitchen for Aramark Services or face time in solitary confinement. (Compl. at ¶ 16.) Three days later, while working in the jail kitchen, Wester was injured in a slip-and-fall accident. (Compl. at ¶ 17.) He alleges his injury resulted from "wearing faulty [b]oots on an unprotected floor." (Compl. at ¶17.) The Complaint does not make clear in which jail Webster was housed during this period of time or who ordered Webster to work in the kitchen.

Webster seeks an unspecified amount of damages on account of his alleged physical, constitutional, and financial injuries. (Compl. at ¶18.) The Complaint's prayer for damages requests compensation "[t]o be determined per [Plaintiffs'] private contract and authorized injured time loss of approximately [fifteen] months." (Compl. at ¶ 18.)

*Procedural Background*

Plaintiffs filed the Complaint on March 12, 2014, in Multnomah County Court against Defendants. (Compl. at 1.) On April 7, 2014, Plaintiffs filed a summons and proof of service with the court evidencing service by certified mail on eleven individually named defendants. (Dkt. No. 1 ("Notice of Removal") Ex. A at 7-16.) Aramark Correctional Services, LLC ("Aramark"), who is improperly named in the Complaint as Aramark Uniform Service, Inc., removed the case to this court on April 18, 2014. (Notice of Removal at 6.) Attached to Aramark's Notice of Removal are ten consents to removal filed on behalf of Defendants Foss, Multnomah County, Haase, Judge Marcus, Hoesley, Cannon Cochran, Brady, Corvel, and JD Taylor. (Notice of Removal Exs. C-L.) The only defendant who did not submit a notice of removal was Sergeant D'Moore. Sergeant Debbie Moore, who is incorrectly named in the complaint as Sgt. D'Moore, was not properly served with a summons or the complaint and was thus not required to consent to Aramark's removal under 28 U.S.C. § 1446. (Notice of Removal at ¶ 24.)

In May 2014, Defendants Multnomah County, Haase, and Sergeant Debbie Moore filed an answer asserting sixteen affirmative defenses including insufficient service of process. (Dkt. No. 38 at 3-7.) No other defendant filed a responsive pleading. Defendants Aramark, Foss, Cannon Cochran, Brady, Corvel, Taylor, Hoesly, Judge Marcus, and Gibbs now move to dismiss Plaintiffs' complaint for failure to state a claim. Judge Marcus and Gibbs move in the alternative to strike certain allegations and for a more definite statement. Plaintiffs filed an unusual response. The Response does not address Defendant's arguments in favor of dismissal, and consists primarily of a hyperlink to an internet blog post on private-person.com discussing the United States Supreme Court decision in *Millbrook v. United States,* — U.S. —, 133 S.Ct. 1441 (2013). (Dkt. No. 49 at 1.)

FINDINGS AND RECOMMENDATION - 4                                    [RMD]

Attached to Plaintiffs' Response is a court filing in another case which Webster and two other plaintiffs filed against Goldman Sachs. (Dkt. No. 49 Ex. A.)

*Legal Standards*

## I.  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure ("Rule") 8 requires that complaints in federal court consist of "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Pleadings need not contain detailed factual allegations, but "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, a claim "may proceed even if it strikes a savvy judge that actual proof of [necessary] facts is improbable," and the plaintiff is unlikely to succeed on the merits. *Id.* at 556.

On a motion for failure to state a claim, the court is limited in the evidence it may consider. *Am. Family Ass'n, Inc. v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). The court may consider the pleadings themselves, exhibits that are physically attached to the complaint, and matters of which the court may take judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  For all other factual matters, the court must assume all allegations in the complaint are true and draw all "reasonable inferences in favor of the nonmoving party." *Holden v. Hagopian,* 978 F.2d 1115, 1118 (9th Cir. 1992).

## II. Motion to Strike Under Federal Rule of Civil Procedure 12(f)

On motion of a party, the court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. FED. R. CIV. P. 12(f).  An allegation is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other*

*grounds,* 510 U.S. 517 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* Further, when ruling on a motion to strike, the court views the pleadings in the light most favorable to the non-moving party. *Computer Stores Nw., Inc. v. Dimwell Tech., Inc.,* No. CV–10–284–HZ, 2011 WL 2160931, at *4 (D. Or. May 31, 2011).

### III.  Motion for More Definite Statement Under Federal Rule of Civil Procedure 12(e)

A court may grant a motion for a more definite statement if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).  Mere vagueness generally is not grounds for dismissal. *Harman v. Valley Nat. Bank of Ariz.,* 339 F.2d 564, 567 (9th Cir. 1964).  If a complaint is sufficient under a motion for failure to state a claim under Rule 12(b)(6), a motion for more definite statement is an alternative device to clarify an otherwise vague and indefinite claim. *Bowles v. Glick Bros. Lumber Co.,* 146 F.2d 566, 568 (9th Cir. 1945).

*Discussion*

The caption of the Complaint indicates Plaintiffs intended to state claims for "involuntary servitude/slavery, kidnaping[,] legal malpractic[e]," and "enforcement of employment contract." However, the body of Plaintiffs' complaint features allegations which could be construed as claims for violation of Plaintiffs' Eighth Amendment right to be free from cruel and unusual punishment and Plaintiffs' Due Process rights for "defrauding" plaintiffs of their "pursuit to life, liberty, and the pursuit of happiness . . . ."  It is unclear which claims Plaintiffs intend to bring against each defendant, as most of Plaintiffs' allegations fail to identify which defendants committed the various alleged acts giving rise to Plaintiffs' claims.

Defendants now bring five motions to dismiss, a motion to strike, and a motion for more definite statement.  The defendants brought their motions to dismiss mostly in pairs, with only

Hoesly bringing a motion to dismiss individually. All nine defendants who move to dismiss advance similar arguments in favor of dismissal, and it is difficult to determine which of Plaintiffs' claims are brought against each defendant. Therefore, instead of addressing each motion to dismiss individually, the court will review the sufficiency of each potential cause of action. If necessary, the court then will review Marcus's and Gibbs's Motions to Strike and Motion for More Definite Statement.

I. Preliminary Matter - Webster Technology, Inc.'s Claims

Defendants contend Webster Technologies should be dismissed as a plaintiff to this action because under Oregon law, a corporation must be represented by an attorney in court proceedings. The court agrees, and should dismiss all claims brought by Webster Technologies from this suit.

The record on Defendants' Motions to Dismiss do not contain much information about Webster Technologies or its corporate organization. However, under Federal Rule of Evidence 201, the court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). Courts in the Ninth Circuit may take judicial notice of matters of public record, including information on government-agency websites. *Lee*, 250 F.3d at 689, *see also Molina v. Washington Mutual Bank*, No. 09-cv-00894-IEG (AJB), 2010 WL 431439, at *3 (S. D. Cal. Jan. 29, 2010) ("Information on government agency websites has often been treated as properly subject to judicial notice").

The Oregon Secretary of State website maintains business entity data for all corporations registered in the state of Oregon. OREGON SECRETARY OF STATE - CORPORATION DIVISION, *available at* http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.login. Included among those

FINDINGS AND RECOMMENDATION - 7                                    [RMD]

records is the business entity data for Webster Technologies, Inc. OREGON SECRETARY OF STATE -

CORPORATION DIVISION, *available at* http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.show_

detl?p_be_rsn=241287&p_srce=BR_INQ&p_print=FALSE(2014). According to the Secretary of

State's records, Webster Technologies filed its articles of incorporation in January 1998, but was

subject to involuntary administrative dissolution in March 1999. *Id.* Because they derive from a

source whose accuracy cannot reasonably be questioned, the court takes judicial notice of these facts.

In Oregon, a corporation that has been administratively dissolved "continues the

corporation's corporate existence but may not carry on activities except activities that are necessary

or appropriate to wind up and liquidate the corporation's business and affairs under ORS 60.637 .

. . ." OR. REV. STAT. § 60.551(3). Under OR. REV. STAT. § 60.637, dissolution of a corporation does

not "[p]revent commencement of a proceeding by or against the corporation's corporate name" so

long as suits brought by the corporation are necessary to wind up and liquidate its affairs.

Here, Plaintiffs do not allege in the Complaint that their claims are necessary to wind up the

business of Webster Technologies. In fact, the events giving rise to Plaintiffs' claims occurred more

than ten years after Webster Technologies was formally dissolved by the State of Oregon. Therefore,

Webster Technologies may not pursue its claims in this suit.

Even if Webster Technologies could legally pursue the claims now before the court, it must

nonetheless be dismissed from this suit. In the Ninth Circuit, "[c]orporations and other

unincorporated associations must appear in court through an attorney." *In re America West Airlines*,

40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam). Webster is not an attorney, and may not pursue

legal claims on behalf of Webster Technologies. *Id.* Thus, the court should dismiss Webster

Technologies as a plaintiff to this action.

II. Webster's Federal Claims

The court's jurisdiction in this matter is based on federal-questions jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. The court construes Webster's complaint to state three federal claims for violation of Webster's Thirteenth Amendment Rights to be free from slavery and involuntary servitude, violation of Webster's Eighth Amendment right to be free from cruel and unusual punishment, and violation of Webster's Due Process rights under the Fifth and Fourteenth Amendments.

The court should dismiss Webster's constitutional claims because they are time-barred by the statute of limitations. For claims alleging violation of federal Constitutional rights, the court must apply the state statute of limitations for such claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Oregon, OR. REV. STAT. § 12.110 provides, "[a]n action for . . . any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years . . . ." Thus, unless the court tolls the statute of limitations, Oregon law requires all federal Constitutional claims filed in this district to be brought within two years of the date plaintiff's injury became apparent. *Id.*

Webster alleges in the Complaint that the events giving rise to their federal Constitutional claims occurred between October 2010, and March 2011. (Compl. at ¶¶ 14-17.) Webster did not file his complaint in Multnomah County Court until March 2014. ( Compl. at 1.) Further, Webster does not allege facts which persuade the court to toll the statute of limitations. Because Webster's federal Constitutional claims are time-barred, the court should dismiss them with prejudice. However, even if Webster's claims were timely, the court would nonetheless conclude the Complaint fails to state a claim for violation of Webster's constitutional rights.

*A. Involuntary Servitude or Slavery.*

Webster's primary grievance against Defendants is that, while he was housed in Inverness Jail, he was forced into "involuntary servitude" in the jail's kitchen and laundry. Defendants claim Webster fails to state a claim for violation of the Thirteenth Amendment. Webster's Response does not address Defendants' arguments.

The Thirteenth Amendment of the Constitution provides:

**Section 1.** Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

**Section 2.** Congress shall have power to enforce this article by appropriate legislation.

U.S. CONST. amend. XIII. The Thirteenth Amendment does not provide a private cause of action for violation of its terms. Instead, a plaintiff seeking to enforce his or her Thirteenth Amendment right must bring suit under either 42 U.S.C. § 1983, if the defendant is a public entity or otherwise operating "under the color of state law," or 42 U.S.C. § 1985 if the offending individual is a private entity or federal officer. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980).

Webster does not specifically explain whether his claims are brought under § 1983 or § 1985. Nor does he specifically allege Defendants violated their Thirteenth Amendment right to be free from slavery and involuntary servitude. However, Webster is a pro se plaintiff, and the court is required to give his claims liberal construction. *Wolfe*, 392 F.3d at 362.

The statute out of which Webster's claims derive is irrelevant, however, as his claims are legally foreclosed by allegations contained in the complaint. An essential element to claims brought under both § 1983 and § 1985 is that the defendant deprived the plaintiff of a civil right conferred

FINDINGS AND RECOMMENDATION - 10                                    [RMD]

by the Constitution. However, the Thirteenth Amendment exempts from prohibition forced labors "as punishment for crime whereof the party shall hve been duly convicted." U.S. CONST. amend. XIII § 1. Courts have consistently held:

> Where a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises. The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute.

*Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963) (internal citations omitted). Webster alleges he was injured "while in the confines of the Inverness wing of" Multnomah County Jail, and does not contend that his conviction was unlawful or violative of due process. Therefore, Webster's claims for "involuntary servitude/slavery" are foreclosed as a matter of law and should be dismissed.[3]

### B. Conditions of Incarceration

Nowhere in the Complaint does Webster allege Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, but many of Webster's allegations relate to the conditions of his incarceration. In fact, Webster alleges in paragraph fifteen of the complaint that he was "detained and placed nude for several days in the Justice Center holding facility during sub degree weather." (Compl. at ¶15.)

To the extent Webster intended to plead a cause of action for violation of the Eighth Amendment or Due Process Clauses of the Fifth and Fourteenth Amendments, these claims fail as a matter of law. First, Webster does not specify from what law his cause of action arises. Similar to the Thirteenth Amendment, neither the Eighth Amendment nor Due Process Clauses create a private cause of action under which a plaintiff may bring suit. Instead, claims for violation of the

---

[3]Because Webster cannot amend his complaint to cure this defect, leave to amend should not be granted.

FINDINGS AND RECOMMENDATION - 11                                    [RMD]

Eighth Amendment or the Due Process Clauses must be brought under § 1983.  Webster does not

invoke § 1983 or allege the elements of a claim brought thereunder.  Second, Webster does not state

his claim with adequate specificity.  Even under the most liberal pleading standards, merely alleging

that certain defendants placed Webster in jail "nude for several days . . . during sub degree weather

and under the guise of a [s]uicide [w]atch" does not put Defendants on notice of the facts giving rise

to Webster's claims.  Thus, to the extent Webster intended to bring suit for violation of his Eighth

Amendment or Due Process clauses of the Fifth and Fouteenth Amendments, the court should

dismiss his claims.

III.  Webster's State-Law Claims

Webster's only remaining claims are state-law claims before this court pursuant to its

supplemental jurisdiction of 28 U.S.C. § 1367.  Section 1367 provides that the court may "decline

to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over

which it has original jurisdiction[.]"  28 U.S.C. § 1367(c)(3).  The court has dismissed Webster's

federal claims, and is left only with his claims for personal injury, breach of contract, kidnaping, and

legal malpractice.  In such circumstances, the Ninth Circuit encourages district courts to "decline

jurisdiction over the state claims and dismiss them without prejudice" absent a compelling reason

to retain the state-law claims.  *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n,* 884 F.2d 504, 509

(9th Cir. 1989).  Webster has presented no compelling reason for this court to retain supplemental

jurisdiction over his remaining claims.

Before the court fully declines jurisdiction over Webster's state-law claims, it must determine

whether any of his remaining claims could lawfully be reraised after dismissal.  The court concludes

that Webster's claims for personal injury, kidnaping, and legal malpractice are time-barred by

FINDINGS AND RECOMMENDATION - 12                                              [RMD]

Oregon's two-year statute of limitations. OR. REV. STAT. §12-110 provides that "an action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years . . . ." This section's text clearly covers Webster's claims for personal injury and kidnaping, and Oregon courts have held it to supply the statute of limitations for legal malpractice claims as well. *U.S. Nat'l Bank of Or. v. Davies*, 274 Or. 663, 665-66 (1976). Because the events giving rise to this suit occurred more than two years before Webster filed this lawsuit, Webster's state-law claims for personal injury, kidnaping, and legal malpractice, they are time-barred and should be dismissed with prejudice. However, Webster's breach of contract claim is subject to a six-year statute of limitations. OR. REV. STAT. § 12-080(1). The limitations period for Webster's contract claim has not yet concluded. Therefore, the court should decline to further exercise supplemental jurisdiction over Webster's breach-of-contract claim and dismiss it without prejudice.

*Conclusion*

For the aforementioned reasons, the court should GRANT Defendants' Motions to Dismiss (Dkt. Nos. 27, 31, 35, 36, and 44) and enter a judgment of dismissal: (1) dismissing all claims against Defendants Aramark, Foss, Cannon Cochran, Brady, Corvel, Taylor, Hoesly, Marcus, and Gibbs; and (2) dismissing Webster Technologies, Inc. as a plaintiff to this action. Further, the court should DENY as moot Judge Marcus's and Gibbs's Motion to Strike and Motion for a More Definite Statement.

At this point, the court should note that Webster is subject to a November 3, 2011 pre-filing order signed by Judge Aiken. That order stipulates that all lawsuits filed by Webster in federal court for the district of Oregon "shall be reviewed by this court and ordered filed only if such filings are

deemed not frivolous or repetitive." Pre Filing Order, *In re Webster, In re Kelly,* No 3:11-mc-09266 (D. Or. November 2, 2011) ECF No. 1. Therefore, if Webster attempts to replead his claims against Defendants, the court should review the claims and allow Webster to file them only if they are not frivolous.

*Scheduling order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due November 25, 2014. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 11th day of November, 2014.

JOHN V. ACOSTA
United States Magistrate Judge