IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRENT EVAN WEBSTER; and WEBSTER TECHNOLOGIES, INC., | 3:14-cv-652-AC |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| v. | |
| MULTNOMAH COUNTY OREGON; JUDGE MICHAEL MARCUS; DDA ADAM GIBBS; SGT. D'MOORE; SGT. HAASE; PPO OFFICER HOESLEY; CANNON COCHRAN MANAGEMENT SERVICES, INC.; SR. CLAIMS EXAMINER THERESE BRADY; CORVEL ENTERPRISES COMP INC.; SR. CLAIMS SPECIALIST JD TAYLOR; ERIC J. FOSS; AND DOES 1-100, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiffs filed this case in March 2014 asserting a variety of legal claims arising from his incarceration following a February 2011 conviction for driving while suspended. A motion to

Page 1 - FINDINGS AND RECOMMENDATION

dismiss resulted in Plaintiff Brent Webster ("Webster") receiving leave to amend his complaint to replead some of his claims against defendants. Because Webster failed to file an amended complaint and to do so by the court's deadline, and because the document he eventually submitted must be rejected under this court's November 2, 2011 pre-filing order, Webster's case should be dismissed, with prejudice.

*Discussion*

On December 23, 2014, District Judge Marco Hernandez entered the following order in this case:

> **ORDER:** The Court adopts Magistrate Judge Acosta's Findings and Recommendation 58. Therefore, Defendants' motions to dismiss [27, 31, 35, 36, and 44] are granted. Plaintiff Webster Technologies, Inc. is dismissed as a plaintiff to this action, all claims against Defendants Aramark, Foss, Cannon Cochran, Brady, Corvel, Taylor, Hoesley, Marcus, and Gibbs are dismissed, and Defendants' Marcus and Gibbs's motion in the alternative to strike or for a more definite statement 36 is denied as moot. The claims are dismissed with prejudice, with the exception of the breach of contract claim, which is dismissed without prejudice. It is further noted that all lawsuits filed by Plaintiff Webster in the District of Oregon is subject to a Pre-Filing Order, In Re Webster, In re Kelly, No. 3:11-mc-09266, to ensure that the lawsuit is not frivolous or repetitive.

(December 23, 2014 Order, Dkt. No. 65).

Judge Hernandez's order dismissed Webster Technologies as a plaintiff in the case; dismissed with prejudice all claims, except the breach of contract claim, against Defendants Aramark, Cannon Cochran Management Services, Corvel Enterprises, Brady, Foss, Gibbs, Hoesley, Marcus, and Taylor; and allowed Webster, in his individual capacity, to amend his complaint as to his breach of contract claim. However, any amended complaint was subject to the November 2, 2011 pre-filing order Chief Judge Aiken entered, which required any and all of

Webster's future filings to be "reviewed by this court and ordered filed only if such filings are deemed not frivolous." November 2, 2011 Order (Dkt. No. 1), *In Re Webster, In re Kelly*, Case No. 3:11-mc-09266.

On January 8, 2015, this court, pursuant to Judge Hernandez's order, entered a minute order requiring Webster to file an amended complaint no later than February 9, 2015. (January 8, 2015 Minute Order, Dkt. No. 67.) The court's minute order also specifically directed Webster that the amended complaint must state "(a) his claims for breach of contract against all defendants, and (2) all claims he may have against Multnomah County, Sergeant Hasse and Sergeant Moore." (*Id.*)

Webster did not file an amended complaint, or any other document, on or before February 9, 2015, and he did not seek leave of court for extension of the filing deadline. Instead, on February 20, 2015, Webster submitted to the court a single-page document bearing this case's caption and number, and entitled "Order for Discovery" and "Depositions of PPO Ronald Hoesley." In addition, the document caption included a second case number for a "Supreme Court filing" dated February 14, 2015, and references Webster's "writ of certiorari" filed in the Supreme Court. The document also purports to "order" discovery from Hoseley. Webster attached materials apparently in support of the document.

The document contains no statement of claims (breach of contract or otherwise), nor a statement of the relief requested. It contains a reference to an "Exhibit A," but none of the attachments are marked as "Exhibit A." One of the attachments is marked "Exhibit B" and is a three-page document on letterhead bearing the names "Gary Donaldson" and "Roberta Kelly."

Page 3 - FINDINGS AND RECOMMENDATION

The contents of Exhibit B are in bullet-point format and are not cogent or cohesive. A separate page is labeled "Exhibit C" and is captioned "Department Summary – Judicial Branch Mission Summary." The remainder of the attached pages consist of U.S. Postal Service receipts and a twelve-page document that appears to be a writ of certiorari filed in the Supreme Court.

On January 8, 2015, this court ordered Webster to file his amended complaint in this case no later than February 9, 2015, but Webster failed to file an amended complaint by that date. Instead, Webster submitted a document eleven days after the court's deadline. Thus, the document is untimely and fails to comply with the court's order for that reason alone.

Further, the document Webster did submit is not, by any interpretation, an amended complaint. Neither it nor the content of the supporting materials bear any resemblance to the claims this court allowed Webster to replead. Webster's submission fails to comply with the court's order for this additional reason.

Finally, taken collectively, the contents of Webster's submission do not pass scrutiny under Judge Aiken's November 2, 2011 pre-filing order. The content of Webster's submission is almost incomprehensible; it is at least "frivolous and repetitive" such that it does not comply with Chief Judge Aiken's pre-filing order. Thus, even if Webster had timely submitted his document, it still violates the pre-filing order and cannot be accepted for filing.

## *Conclusion*

The court recommends that Webster's filing be found untimely in violation of the January 8, 2015 minute order, that it failed to comply with the minute order's requirement that

Page 4 - FINDINGS AND RECOMMENDATION

Webster file an amended complaint, and that it be rejected for filing pursuant to Judge Aiken's November 2, 2011 order.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due March 9, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 23rd day of February, 2015.

JOHN V. ACOSTA
United States Magistrate Judge

Page 5 - FINDINGS AND RECOMMENDATION