IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENT EVAN WEBSTER,

                Plaintiff,                          No. 3:14-cv-00652-AC

        v.                                    ORDER

ARAMARK CORRECTIONAL SERVICES,
INC., et al,

                Defendants.

HERNÁNDEZ, District Judge:

      Magistrate Judge John V. Acosta issued a Findings & Recommendation [68] on February

23, 2015, and a supplemental Findings & Recommendation [72] on April 1, 2015,

recommending that pro se Plaintiff Brent Evan Webster's proposed second amended complaint

be rejected for failing to comply with a pre-filing order issued by Chief District Judge Ann Aiken

in In re Webster, In re Kelly, Case No. 3:11-mc-09266. Additionally, Judge Acosta recommends

that Webster's action presently before the Court be dismissed with prejudice, with the exception

of his breach of contract claim, which Judge Acosta recommends be dismissed without prejudice

to refiling. Webster has timely filed Objections [75] to both Findings & Recommendation [68] and [72]. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When a party objects to a portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that part of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). I have carefully considered Webster's objections and conclude there is no basis to modify Findings & Recommendation [72].

This is the second time the Court has analyzed whether Webster's complaint adequately states a claim. All of Webster's filings in this District are subject to a pre-filing review for frivolous or repetitive claims under a 2011 Order from Chief Judge Ann Aiken. In re Kelly, In re Webster, Case No. 11-mc-09266. In November of 2014, Judge Acosta issued Findings & Recommendation [58], in which he construed Webster's allegations of "involuntary servitude/slavery, kidnaping[,] legal malpractic[e]" and "enforcement of employment contract" as alleging federal constitutional claims and a state law breach of contract claim. All of the events giving rise to Webster's claims occurred between October of 2010 and March of 2011, while he was incarcerated. Federal constitutional claims are governed by the applicable state statute of limitations. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Oregon, the statute of limitations for personal injury claims is two years. ORS § 12.110. Webster filed his Complaint on March 12, 2014. He did not allege any facts from which Judge Acosta could determine the statute of limitations for his claims should be tolled. Accordingly, Judge Acosta recommended Webster's federal claims be dismissed.

At the same time, he recommended the Court not exercise its supplemental jurisdiction over Webster's state law breach of contract claim because Oregon's six-year statute of limitations for that claim had not yet expired. Therefore, he recommended the contract claim be dismissed without prejudice. This Court adopted Findings & Recommendation [58] in an Order [65] entered December 23, 2014, but did not enter a judgment.

Judge Acosta then gave Webster an opportunity to file an amended complaint by February 9, 2015. Webster filed a request for discovery related to the case on February 20, and Judge Acosta issued a Findings & Recommendation [68] in which he recommended dismissing Webster's filing as untimely. However, after discovering a clerical error, Judge Acosta granted Webster leave to re-file a proposed amended complaint, and Webster promptly did so on March 16, 2015. After analyzing Webster's proposed filing, Judge Acosta submitted Findings & Recommendation [72], recommending that this Court reject Webster's proposed amended complaint for failing to comply with Chief Judge Aiken's pre-filing order.

The caption to Webster's proposed amended complaint states that it sets out a case for a "breach of contract," but it merely repeats the same factual allegations in Webster's initial complaint. The key events underlying Webster's claims all occurred between October of 2010 and March of 2011. The Court again finds that Webster's federal constitutional claims are time-barred and that Webster has not plead any facts from which the Court could toll the applicable statute of limitations. Accordingly, I adopt Judge Acosta's recommendation that Webster's federal claims be dismissed with prejudice.

Since the statute of limitations for Webster's state law breach of contract claim has not yet expired, I adopt Judge Acosta's recommendation that his state law claims be dismissed without prejudice for the same reasons stated in Findings & Recommendation [72].

3 – ORDER

I have also reviewed the pertinent portions of the record *de novo* and find no other errors in Judge Acosta's Findings & Recommendation.

CONCLUSION

The Court ADOPTS Magistrate Judge Acosta's Findings & Recommendation [72], and Plaintiff's proposed amended complaint is rejected for failing to comply with pre-filing order No. 3:11-mc-09266. Findings & Recommendation [68] is moot. Plaintiff's claims are dismissed with prejudice, except for his breach of contract claim, which is dismissed without prejudice.

IT IS SO ORDERED.

DATED this ___29___ day of ___June___, 2015.

MARCO A. HERNÁNDEZ
United States District Judge

4 – ORDER